IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOL (AMERICA), INC. § | | |
| .                                      § | | |
| Plaintiff    § | C. A. NO. _____ | |
| v.                                    § | **JURY DEMAND** | |
|                                        § | | |
| HEPTA RUN, INC.         § | | |
| Defendant § | | |
| _____ § | | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MOL (America), Inc. (also called "MOL"), Plaintiff in the above-entitled and numbered cause, complaining of Hepta Run, Inc., also called "Hepta Run" or "Defendant" herein, and in support would show the Court as follows:

**I.**

1. Plaintiff, MOL (America), Inc. is a Delaware corporation or similar entity, headquartered in New Jersey, which was the shipper or consignee of the cargo in question and brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the goods in question. MOL has become the interested party regarding the loss in question due to its contractual obligations to Nike USA, Inc., the owner of the goods in question.

**II.**

2. Defendant, Hepta Run, Inc. ("Hepta Run"), was and now is a Texas corporation, or similar entity, registered with the U.S. Department of Transportation, with the power to sue and be sued, which regularly does business in Texas, and/or the United States, as an interstate carrier of goods, which is headquartered in Houston, Texas and maintains a designated agent on whom service may be made, and thus may be served, in care of its Texas Registered Agent: Ed Tseng, 3400 Rogerdale Rd., Houston TX 77042.

## III.
## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction under Diversity Jurisdiction, 28 USC Sec. 1332, as the parties Plaintiff and Defendant are in complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

4.   Venue is proper in the Southern District of Texas - Houston Division, because defendant has is headquartered in Houston, Texas which is within the Southern District of Texas.

## IV.
## GENERAL

5.   Whenever Plaintiff alleges that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives, did such act or thing, and that at the time such act, or thing, was done with the full authorization or ratification of the Defendant, or done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## FACTS AND FIRST CAUSE OF ACTION UNDER BAILMENT

6.   On or before June 7, 2017 Hepta Run, acting as an interstate carrier and/or bailee, entered into a contract with MOL for the overland carriage and delivery of various MOL items, including Nike sportswear in containers, for a cost to be paid by MOL.

7.   On or about June 7 and 8, 2017, Hepta Run received, in Houston, Texas, in good order and condition, a consignment of Nike sportswear in four containers (hereafter also "goods"), which were to be delivered as specified by Plaintiff to Academy Sports & Outdoors, "Academy" distribution facilities. These goods were to be carried by Hepta Run, and then delivered at

MOL's instruction, in the same quantity and in the same good order condition as they were received. MOL had entered a Uniform Intermodal Carriage and Facilities Access agreement with Hepta Run, and expected the goods to be safely kept from theft while in their possession. Hepta Run received the goods in good order and condition and Hepta Run was obligated to safely redeliver the goods, in the same number, and in good order and condition.

8.   Defendant, Hepta Run, acting as an interstate carrier, and/or bailee, undertook carriage and delivery responsibilities under instruction of MOL. However, upon demand made by MOL, Hepta Run did not redeliver the goods in the same quantity, and in good order and condition, as they were received by Hepta Run. The goods were reportedly stolen on June 19, 2017 during Hepta Run's possession of same. The short delivery of the goods was caused due to the negligence of Hepta Run. The monetary loss incurred by Plaintiff's as a result of the loss or theft of the goods in Hepta Run's possession was $1,471,185.06, for which Plaintiff demands recovery from Defendant.

## VI.
## NEGLIGENCE

9.   Defendant Hepta Run undertook duties as an entity which would:

   1.   provide a safe truck carriage and delivery of the goods entrusted to thgem,

   2.   institute certain procedures and utilize certain equipment which would be designed to prevent theft,

   3.   employ security personnel and instruct its employees in procedures to prevent theft,

   4.   prevent unauthorized access to Plaintiff's containers in their care, custody and control, and /or

   5.   insure exclusive delivery of the goods at the instruction of Plaintiff only.

10.     The goods were negligently cared for, and unauthorized individuals were permitted access to the four containers of goods. Indeed, they were delivered to the incorrect consignees, stolen, misappropriate, and/or Hepta Run utilized the goods for impermissible purposes of their own choosing, of which Plaintiff did not approve.

11.     Hepta Run was negligent in instruction of its own personnel, and the instruction of others whom they employed to assist Hepta Run in its transit theft prevention efforts. Hepta Run was also negligent in their carriage, handling, and/or protection of the Nike sportswear from theft or misappropriation.

12.     Defendant Hepta Run was negligent as follows:

    1.  for failing to take adequate precautions to prevent access to the containers by unauthorized persons,

    2.  for failure to utilize certain equipment which would be designed to prevent theft,

    3.  for failing to employ adequate security personnel and properly instruct its employees in procedures to prevent theft,

    4.  for negligent entrustment of its theft prevention responsibilities to third parties which were were ill-equipped for, and/or were under-informed concerning theft prevention methods and equipment, and

    5.  for negligent instruction of those they hired.

13.     These acts and/or omissions constituted a breach of the duties of care owed by Defendants, Hepta Run, acting as interstate carriers and/or bailees, to Plaintiff, and/or proximately caused the theft of the Nike sportswear during the transit in question.

## VII
## RES IPSA LOQUITUR COUNT

14. Plaintiff further relies on the doctrine of res ipsa loquitur, as the Nike sportswear in four containers was lost due to theft while within the care and/or custody of the Defendant, which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendant, which negligence proximately caused the loss of plaintiff's goods during carriage of those goods.

## VIII.
## CONTRACT BREACH

15. In the alternative, and without waiving the above causes of action, Defendant, acting as a interstate carrier or bailee agreed to: 1) provide safe carriage for Plaintiff's bailed goods, 2) prevent unauthorized access to Plaintiff's containers in Hepta Run's care, custody and control, and 3) insure exclusive delivery of the goods at the instruction of Plaintiff only, and/or 4) prevent any other potential activity which an interstate carrier knows, or should have known, might permit unauthorized access to Plaintiff's goods while they were in Hepta Run's custody and control.

16. Defendant is also liable for negligent instruction of its employees, and/or negligent entrustment of the goods to third-parties and/or cargo handlers, to whom they may have entrusted control over Plaintiff's containers. Defendants failed to deliver the goods in the same number as were received. Defendant thus breached their contract(s), their bailment contract(s), and/or their duties as interstate carriers, and have violated their duties and obligations as security providers for those goods entrusted to them, which breach(es) proximately caused the Nike sportswear to be lost while in their care, custody and control.

## IX.
## VIOLATION OF DUTY UNDER STANDARD OF CARE

17. Defendant Hepta Run, acting as a interstate carrier or bailee had a duty to: 1) provide a safe carriage of Plaintiff's bailed goods, 2) prevent unauthorized access to Plaintiff's containers in Hepta Run's care, custody and control, 3) utilize certain equipment which would be designed to prevent theft, 4) employ security personnel and instruct its employees in procedures to prevent theft, 5) insure exclusive delivery of the goods at the instruction of Plaintiff only, 6) prevent the Nike sportswear from being placed into service for Hepta Run, or other parties, for their own purposes, and/or 7) prevent any other potential activity which an interstate carrier knows, or should know, might permit unauthorized access to Plaintiff's goods while they were in Hepta Run's custody and control. As an interstate carrier and/or bailee, Hepta Run failed to exercise the requisite care and protection of the goods, failed to properly instruct others, and/or failed to safely deliver the goods from their carriage in the same number and condition as they received them. Defendants thus breached their duties as an interstate carrier, and/or bailee, which breach proximately caused the loss of the goods in question.

## X.
## AD DAMNUM CLAUSE AND CLAIM FOR ATTORNEY'S FEES

18. As a direct result of the activities above, Plaintiff suffered losses in the amount of $1,471,185.06, as nearly as same can now be estimated. Plaintiff retained the undersigned attorneys to present their claims to Defendant, and their claims have been presented to Defendant. However, the claims have not been paid, although duly demanded. Therefore, pursuant to Chapter 38 of the Tex. Civ. Prac. & Rem. Code Ann., Plaintiff further seeks

reasonable attorney's fees in the amount of $300,000.00. Plaintiff further seeks all reasonable attorney's fees incurred in any future appeals.

## XII.
## CONDITIONS PRECEDENT SATISFIED

19. Plaintiff has performed all conditions precedent necessary to allow recovery.

## XII.
## JURY DEMAND

20. Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendant Hepta Run, requiring them to appear, and that this Court award judgment to Plaintiff and against Defendant, including damages of $1,471,185.06, reasonable attorney's fees of $300,000.00, pre-judgment interest, post-judgment interest, costs of the court, all reasonable attorney's fees incurred in any future appeals, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
55 Waugh Dr, Suite 1200
Houston, Texas 77007
Telephone: (713) 222-1515
Direct Line: (281) 457-2287
Telefax: (713) 222-1359
Email: dmartin@hillrivkins.com

ATTORNEYS IN CHARGE FOR

                                                     PLAINTIFF MOL (AMERICA), INC.

OF COUNSEL:

HILL RIVKINS LLP