| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

MOL (America), Inc.,

   Plaintiff,

versus

Hepta Run, Inc.,

   Defendant.

Civil Action H-18-1096

# Opinion on Summary Judgment

1.  *Facts.*

  Nike, Inc., hired Mitsui O.S.K. Lines, Ltd., to ship its sportswear from factories overseas to the United States. Nike shipped four containers through Mitsui's agent in America – MOL (America), Inc. – that were intended for the Academy Sports and Outdoors in Katy, Texas.

  On May 12, 2017, MOL sent the four containers from Vietnam on its ship, the *MOL Commitment*; it arrived in Los Angeles on May 28, 2017. From there, BNSF Railway Company carried the containers from the ship and delivered them by train to Pearland, Texas, on May 31, 2017.

  MOL hired Hepta Run, Inc. – a trucking company – to move the containers from the train to the Academy store in Katy. On June 7 and June 8, Hepta accepted the four containers and stored them on its property. On June 19, 2017, all four were stolen.

  MOL (America) sued Hepta Run for breach of bailment to recover the lost value of the containers. MOL moved for summary judgment on its bailment claim.

2.  *Standing.*

A subsidiary may sue on behalf of the parent corporation without joining it in the lawsuit.[1] To establish standing, the subsidiary must show that: (a) the parent corporation has an injury in fact; (b) there is a causal connection between the injury and the conduct complained of; and (c) it is likely that the injury will be redressed by a favorable decision.

Under the contract, MOL was responsible for merchandise lost or stolen while transporting the containers from the train to the Academy store. On June 13, 2019, MOL paid Nike $1,000,000 to settle Nike's claims about the stolen containers. This is a sufficient injury in fact.

Because MOL (America) is the agent for MOL in the United States, it may sue on behalf of its parent corporation without joining it in the lawsuit. MOL (America) has standing to sue Hepta Run.

3.  *COGSA.*

Hepta Run argues that the Carriage of Goods by Sea Act applies, preempting MOL (America)'s state law and bailment claims. Hepta Run also argues that the Act limits Hepta Run's liability to $500 per package. Because four containers were stolen, Hepta Run says that its liability in this case is limited to $2,000.

The Act limits the liability of carriers moving goods through American ports. It applies from the time that the cargo is loaded until it is removed from a ship, and it does not supercede state law causes of action arising after this tackle-to-tackle period.

MOL (America)'s state law and bailment claims are not preempted because the containers were stolen after this period had expired. The Act does not apply to theft in inland storage, therefore, Hepta Run's liability is not limited to $500 per package.

---

[1] Fed. R. Civ. P. 17(a)(1).

4. *Bailment.*

MOL (America) made a prima facie case of negligence by showing that it delivered the containers to Hepta Run and Hepta Run did not return them at the required time. Hepta Run can rebut this by showing that: (a) the theft of the containers was in no way attributable to its negligence, or (b) it exercised the requisite care in storing the containers so that the theft could not be caused by its negligence.

Hepta Run admits that it received the four containers in good condition and did not deliver them to the Academy store. No evidence suggests that Hepta Run exercised the requisite care in storing the containers. It had no procedures to verify which drivers were leaving with which containers. The thief drove up to the gate, stole two tractors, hitched the four containers to the tractors, and drove away. The gate was not manned, and no vehicles were logged as they entered and exited the property.

Hepta Run took possession of more than $1,000,000 of merchandise but left the containers in an open air lot without security officers or alarms. The containers were secured by an entry gate with a combination lock. This is not requisite care.

5. *Conclusion.*

Hepta Run must pay MOL (America) $1,346,920.82. (12, 28)

Signed on August 17, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge